IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 12-93 |
| | ) |
| LAMONT ALLEN WRIGHT | ) |

**Memorandum Opinion and Order**

Lamont Wright, proceeding pro se, has filed a Motion for Early Termination of Supervised Release, wherein he requests early termination of his five-year term of supervised release. ECF No. 900. The government has filed a Response, opposing the motion. ECF No. 906. For the reasons explained below the Motion will be denied.

**I.   Background**

Mr. Wright was indicted, along with ten co-defendants, on one count of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. ECF No. 258. On April 1, 2016, he pleaded guilty to the conspiracy charge pursuant to a plea agreement. ECF No. 759. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that the appropriate sentence in this case is 120 months' imprisonment to be followed by supervised release for a term of 5 years. Following a sentencing hearing on June 24, 2016, Mr. Wright was sentenced by the Honorable Terrence F. McVerry, in accordance with the parties' agreement, to 120 months' imprisonment to be followed by 5 years of supervised release. ECF No. 829. Mr. Wright's term of supervision began when he was released from his term of imprisonment on October 11, 2019.

II.     **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e).  A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).  In making this determination the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1].  "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'"  *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).  Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III. Mr. Wright's Argument

Mr. Wright argues that early termination of his supervised release is warranted because he has successfully served approximately 42 months of his 5-year term of supervision and he is a successful, full-time employee of Schneider's Dairy where he has worked since late 2019.

### IV. Discussion

The Court acknowledges that Mr. Wright has successfully integrated himself back into the community by maintaining a long-term full-time job, at which he excels. On April 9, 2020, the Court received a Report on Mr. Wright indicating, in part, that he had not submitted a positive urinalysis during supervised release. ECF No. 879. However, the Probation Officer indicated that Mr. Wright had failed to appear for the Probation Office's random drug testing program on six occasions in the fall and winter of 2019. *Id.* The Court approved the Probation Officer's plan to resume drug testing when the COVID-19 mandates permitted. *Id.* Mr. Wright has had no other reports of violations.

The Court takes note of Mr. Wright's consistent employment success while on supervision. In addition, Mr. Wright has had no violations while on supervision. When viewed in light of Mr. Wright's past criminal history and the significant amount of time he has spent under some form of court supervision prior to the instant case, Mr. Wright's present compliance with the terms and conditions of his supervision is a significant improvement.

---

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

However, the Court expects that all defendants on supervised release will successfully comply with the conditions of supervision. Thus, compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. This is a case in which supervision appears to be working properly. Mr. Wright's success on supervision will be reinforced by permitting the five-year term to be completed.

Mr. Wright's present offense and his past criminal history, also weigh against termination of supervised release. Mr. Wright was convicted of a serious and dangerous drug trafficking crime, and he did not act alone as he was part of a criminal organization to distribute drugs. The parties negotiated a plea agreement that considered the serious nature of the crime and also concluded that the statutory minimum term of supervision of five years was appropriate in this case. Judge McVerry accepted the Rule 11(c)(1)(C) plea agreement, thereby indicating that, in light of the section 3553(a) factors, he believed that the parties' 11(c)(1)(C) plea agreement was appropriate. By accepting the agreement, Judge McVerry was legally bound to impose a term of supervised release of five years. Thus, the parties entered into a bargained-for contract, accepted by the Judge, and both sides expected it would be enforced. "While the Court may have the authority to upset a carefully crafted and approved bargain," it declines to do so in this case. *United States v. Starkey*, No. 2:14-CR-90-NR, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) (denying petition for early termination of supervised release that had been negotiated and accepted in a Rule 11(c)(1)(C) plea agreement).

V.      **Conclusion**

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Mr. Wright's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, this 17th day of May 2023, it is hereby ORDERED that Lamont Wright's Motion for Early Termination of Supervised Release, ECF No. 900, is DENIED.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

cc:   Lamont A. Wright, pro se
      709 North Matilda Street
      Pittsburgh, PA 15224